HAWTHORNE, Justice.
Defendant-appellant Mike Roach was convicted of the crime of simple battery and sentenced to serve 10 months in the parish jail. From this conviction and sentence he has appealed.
Defendant objected to going to trial on the ground that the Criminal District Court for the Parish of Orleans was without jurisdiction, and, when his objection was overruled by the trial judge, a bill of exception was perfected.
The charge under which appellant was convicted in the instant case was filed while there was'pending against him in the Criminal District Court for the Parish of Orleans a bill of information for attempted murder growing out of the same transaction or state of facts, and that bill of information is still pending. ’Counsel for appellant argues that, since the charge of attempted murder was filed first, the court had no jurisdiction in the instant case to try him for simple battery because the greater offense-of attempted murder necessarily includes all the elements of the lesser offense of simple battery for which appellant was convicted.
Appellant does not show how the crime of simple battery is included in that of attempted murder, and this statement is a mere conclusion on his part. We need not decide, however, whether all the elements of the crime of battery are necessarily included in the crime of attempted murder. Considering the matter in the light most favorable to him and even conceding without holding that all the elements of the lesser were included in the greater or, further, that the two bills of information filed against the appellant each charged the same offense, we do not see how this fact would divest the court of jurisdiction of the charge. Counsel cites no law or authority supporting this contention, and we know of none.
Fifty-seven years ago, in the case of State v. Stewart, 47 La.Ann. 410, 16 So. 945, 948, this court stated the principle of law which controls this case: “But the pendency of both [indictment and information] at the same time, for the same offense, is no bar to proceedings under-ei *411 ther, as' has been seen. It is 'of no possible consequence to the accused whether he is prosecuted for manslaughter by means of an indictment or information. It is the acquittal or conviction of the offense that bars further prosecution. * * * ”
For the reasons assigned, the conviction and sentence are affirmed.